THE DAYTON, COVINGTON & PIQUA TRACTION CO. v.
THE VILLAGE OF WEST MILTON ET AL.

*Street railroads—Franchises—Agreement to pave between tracks
—County aid to municipality improving street—Railroad as-
sessment not reduced, when.*

A traction company operating a railway upon a village street
under a franchise requiring it to improve the space within
its tracks and eighteen inches outside of each outside rail
in event the village decides to improve the street by pav-
ing, is not entitled to a deduction from an assessment made
under such franchise-ordinance by reason of county aid
furnished the village in consideration of the paving of the
street by the village.

(Decided November 16, 1921.)

ERROR: Court of Appeals for Miami county.

*Messrs. Broomhall & Broomhall* and *Mr. J. H.
Marlin,* for plaintiff in error.
*Messrs. E. H. & R. A. Kerr* and *Mr. W. L. Martin-
dale,* for defendants in error.

ALLREAD, J.   This action was brought by the trac-
tion company against the village of West Milton to
recover a portion of the county aid given the village
of West Milton in consideration of the improvement
of Miami street.

The franchise under which the traction company
operates its tracks upon Miami street contains the
following clause:

"If at any time said village shall conclude to im-
prove said street, by paving the same in any manner
whatever, then said company shall pave all space
within its tracks and turnouts, and eighteen (18)

inches on the outside of each outside rail, and such expense shall be assessed against it in the same manner as against abutting property of said street, and the payment thereof to be made according to the laws and ordinances on the subject of assessments.

"This provision shall apply to said company for any such improvements that may from time to time hereafter be made as aforesaid in paving of said streets."

The village of West Milton determined to pave Miami street, and the traction company was assessed its share of the cost thereof according to the franchise-contract. Miami county desiring the improvement of the highway of which Miami street is a part contributed $21,000 to the village of West Milton as aid toward its improvement, which aid was furnished under authority of Section 6949, General Code, which reads as follows:

"The board of county commissioners may construct a proposed road improvement into, within or through a municipality, when the consent of the council of said municipality has been first obtained, and such consent shall be evidenced by the proper legislation of the council of said municipality entered upon its records, and said council may assume and pay such proportion of the cost and expense of that part of the proposed improvement within said municipality as may be agreed upon between said board of county commissioners and said council."

The assessment-ordinance of the village is not made part of the petition, but is consistent with the claim of the village and may therefore be considered. Among other things it provides:

"That the whole cost of the said improvement, less one-fiftieth thereof and the costs of the intersection, less the costs of the paving the right of way of The Dayton, Covington and Piqua Traction Company, and less the cost of sixty-five (65) per cent. of a sixteen (16) foot roadway through said street, based on the cost of the highway, South of the Village of Milton; shall be assessed by the foot front upon the following described lots and lands, to-wit:

"All lands and lots, bounding and abutting upon the proposed improvements, which said lots and lands are hereby determined to be specially benefitted by the said improvement; and the cost of said improvement shall include the expense of the preliminary and other surveys, and the printing and publishing the notices, resolutions and ordinances required, and the serving of the said notices, the cost of construction, together with interest on bonds issued in anticipation of the collection of the deferred assessments, and all other necessary expenditures."

The work of paving the street was completed, and assessments were made against the abutting property owners in accordance with Section 4 of the ordinance above quoted. The traction company brought this suit in injunction to restrain the collection of so much of the assessment against it as would be represented by a proportionate part of the county-aid fund.

This is a new question, no precedents are found, and it must, therefore, be resolved upon principle.

We cannot escape the conclusion that the liability of the traction company was one based on contract. When the village concluded to and did improve Miami street by paving, the contract of the traction

company to contribute the cost of the paving between its rails, and 18 inches upon each side, was absolute. We think it was not a matter of concern to the traction company whether the village obtained its funds in part by county aid, or by other resources to which it might resort. The county aid was contributed to the village in consideration of the village causing the improvement of Miami street to be made. The fund so contributed became funds of the village. We think it is a fair inference from the petition that the paving was not limited to the portion assessed against the traction company, but that a substantial cost fell upon the city in addition to the contribution charged against the traction company. We find no such circumstances as to justify us in holding that the traction company is subrogated to any part of the county aid so contributed to the village. The village was, therefore, entitled to receive county aid and apply it toward the expense of paving the portion of the street outside of that charged and assessed against the traction company. This would naturally have the effect of reducing the amount chargeable against abutting property owners. While the franchise-ordinance provides that the assessment against the traction company for its specific portion of the paving shall be made in the same manner as against abutting property owners, yet the liability of the traction company is by contract, while that of abutting property owners is based upon the statute providing for assessments for benefits. The abutting property owners, therefore, stand in a different relation toward the village in respect to their assessments than the traction company does in respect to its assessment. The abutting property owner may properly be given the benefit of the coun-

ty aid in a reduction of the assessment which would otherwise have been made. We are of opinion that the assessment-ordinance above quoted is within the legal discretion of the village and that the traction company has shown no legal right to an interest in the county-aid fund.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.